not prevent his getting a residence otherwise. The presumption is against a student's right to vote, if he come to college from out of town. Calling it his residence does not make it so. He may have no right to so regard it. Believing the place to be his home is not enough. There may be no foundation for the belief. Swearing that it is his home must not be regarded as sufficient, if the facts are averse to it.· Deception or misconstruction should not be encouraged. The constitutional provision should be respected."

The 4th section of article 2 of the Constitution of Oregon provides: " For the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States, or of this State; nor while engaged in the navigation of the waters of this State or of the United States, or on the high seas; nor while a student of any seminary of learning; nor while kept at any almshouse or other asylum at public expense; nor while confined in any public prison." In *Wood* v. *Fitzgerald* (3 Oreg. 568), and *Darragh* v. *Bird* (Id. 229) the right of two persons to vote who were in the service of the United States arose. One while a deputy assessor and collector of internal revenue removed from Portland to Wasco county; the other came into the county while a private in the United States army, and when his term of service expired he was immediately employed by the United States government to take charge of an abandoned military post. It is sufficient to say without quoting from the judgments that it was held that they might acquire a legal residence under the section of the Constitution while in the service of the United States, and that both were legal voters. The 3d section of the 5th article of the Constitution of Kansas provides: " For the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States. * * *" In *Hunt* v. *Richards* (4 Kans. 549) a person came into the State while serving as an officer in the army of the United States, and it was held that, for the purpose of voting, he could acquire a residence in that State while so serving. It has been twice held in Massachusetts that a person while a student at a college may acquire a legal residence in the town wherein the college is situated, and becomes a legal voter therein. (*Putnam* v. *Johnson*, 10 Mass. 488; Opinion of Justices, 5 Met. 587.) In *Pedigo* v. *Grimes* (113 Ind. 148) it was held: " It can, we conceive, make no difference that the person is a student if he has in good faith elected to make the place where the college is located his residence, since there is no imaginable reason why a person may not be both a student at a college and a resident of the place where the college is situated. If he is at the place merely as a student then he is not a resident; but if he has selected that place as his abode, he acquires a residence which entitles him to vote, if he possesses the other qualifications." In *Fry's Election Case* (71 Penn. St. 302) it was held that certain students were not legal voters, it being " admitted that the said voters are students at Muhlenberg College, an institution of learning located in said ward; that they are citizens of the State of Pennsylvania; that they claimed that their residence was in said college, where they have lived from one to three years; that they came to Allentown from other counties for no other purpose than to receive a collegiate education, but intended to leave after graduating; that they were assessed and paid taxes before said election." (See, also, McCrary on Elections, § 41; Paine on Elections, § 69 *et seq.*, and the Contested Congressional Cases therein referred to.) It was not intended that students and persons in the service of the United States should be unable to acquire another residence, but it was intended that the mere fact of being a student, or the mere fact of being in the service of the United States at a particular place for the required time to gain a residence, should not of itself effect a change of residence for the purpose of voting. The order appealed from should be reversed, with costs.

George C. Cook and Another, Respondents, v. Rudolph J. Kanter, Appellant. — Order affirmed, with ten dollars costs and disbursements, for reasons stated by the court below. No opinion.

Faneuil Hall National Bank v. John Bussing. — Motion to dismiss appeal denied upon payment of ten dollars costs.

| 84　615|
|47a　665|